UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America | **Protective Order** |
| v. | **26 Cr. 203 (DEH)** |
| Mohd Hafiz Lockman, Mohd Yuzaimi Yusof, and Khanh Thuong Nguyen, Defendants. | |

Upon the application of the United States of America, with the consent of the undersigned counsel, and some of the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

## Categories

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects, and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include material that (i) affects the privacy, confidentiality, and business interests of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; (iv) may be produced with more limited redactions than would otherwise be necessary; and (v) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2023.11.26

2. **Sealed Material.** Certain of the Government's Disclosure Material, referred to herein as "Sealed Material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons, and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein or information that may reveal trade secrets or other information that may cause financial loss or other harm to a business entity.

3. **Attorney's Possession Only ("APO") Material.** Certain materials in this case raise a particular risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendants or their counsel that either (1) is designated in whole or in part as "Attorney's Possession Only" by the Government in emails or communications to defense counsel, or (2) includes a Bates or other label stating "Attorney's Possession Only" or "APO," shall be deemed "APO Material." Any material designated as APO Material shall also be deemed Sealed Material.

4. **Attorney's Eyes Only ("AEO") Material.** Certain materials in this case raise a more significant risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendants or their counsel that either (1) is designated in whole or in part as "Attorney's Eyes Only" by the Government in emails or communications to defense counsel, or (2) includes a Bates or other label stating "Attorney's Eyes Only" or "AEO," shall be deemed "AEO Material." Any material designated as AEO Material shall also be deemed Sealed Material.

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

2

2023.11.26

## Disclosure and Treatment

5. Disclosure Material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense"), other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Disclosure Material on any Internet site or network site, including any social media site, to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media.

6. Sealed Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court, and may be disclosed by defense counsel to:

    a. The defendants;

    b. Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; and

    c. Prospective witnesses for purposes of defending this action.

7. APO Material received by defense counsel shall be maintained in a safe and secure manner by defense counsel and any personnel for whose conduct defense counsel is responsible; shall not be possessed by the defendants, except in the presence of the defendants' counsel and any personnel for whose conduct defense counsel is responsible; and shall not be disclosed in any form by the defendants, their counsel, or any personnel for whose conduct defense counsel is responsible except as set forth herein.

8. AEO Material received by defense counsel shall be maintained on an attorney's eyes only basis, and the defense shall not share any AEO Material or the content of the AEO Material

3

2023.11.26

with any other persons, including the defendants, except for any personnel for whose conduct defense counsel is responsible.

### Other Provisions

9.  This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action but, except to the extent provided otherwise below, shall not be disclosed or used in any form in any other civil litigation, arbitration, or other private or alternative dispute resolution. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions.

10. The Government's designation of material will be controlling absent contrary order of the Court. The parties shall meet and confer regarding any dispute over such designations, after which the defense may seek de-designation by the Court. The Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

11. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

12. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including any ESI, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; and the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject

2023.11.26

to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If Disclosure Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

13. This Order places no restriction on a defendant's use or disclosure of ESI or other Disclosure Material that originally belonged to that defendant personally. This does not, however, include ESI or other Disclosure Material that originally belonged to Telekom Malaysia Berhad or its affiliates or subsidiaries.

14. The defense shall not provide any Disclosure Material to any foreign persons or entities, except if such persons or entities are personnel for whose conduct defense counsel is responsible or if the Court authorizes such disclosure on a case-by-case basis.

5

2023.11.26

## Retention of Jurisdiction

15. The provisions of this order shall not terminate at the conclusion of this criminal prosecution, and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney

by: *Samuel P. Rothschild*                               Date: ___June 8, 2026___

Michael S. DiBattista
Special Assistant United States Attorney
Samuel P. Rothschild
Matthew Weinberg
Assistant United States Attorneys


_(signature)_                                            Date: ___6|8|26___

Brian Kidd, Esq.
Taylor Fontan, Esq.
Alison Moe, Esq.
Counsel for Mohd Hafiz Lockman


                                                         Date: _____

Martin S. Cohen, Esq.
Counsel for Mohd Yuzaimi Yusof


                                                         Date: _____

Max Nicholas, Esq.
Sarah Stein, Esq.
Counsel for Khanh Thuong Nguyen

SO ORDERED:

Dated: New York, New York
        June ___, 2026


                                          _____
                                          THE HONORABLE DALE E. HO
                                          UNITED STATES DISTRICT JUDGE


6

2023.11.26

**Retention of Jurisdiction**

15. The provisions of this order shall not terminate at the conclusion of this criminal prosecution, and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney

by: _Samuel P. Rothschild_____          Date: ___June 8, 2026_____
    Michael S. DiBattista
    Special Assistant United States Attorney
    Samuel P. Rothschild
    Matthew Weinberg
    Assistant United States Attorneys


_____          Date: _____
    Brian Kidd, Esq.
    Taylor Fontan, Esq.
    Alison Moe, Esq.
    Counsel for Mohd Hafiz Lockman


____/s/ Martin Cohen_____          Date: _____06/08/2026_____
    Martin S. Cohen, Esq.
    Counsel for Mohd Yuzaimi Yusof


_____ Max          Date: _____
    Nicholas, Esq.
    Sarah Stein, Esq.
    Counsel for Khanh Thuong Nguyen

SO ORDERED:

Dated: New York, New York
      June __, 2026


                   _____
                   THE HONORABLE DALE E. HO
                   UNITED STATES DISTRICT JUDGE

2023.11.26

**Retention of Jurisdiction**

15. The provisions of this order shall not terminate at the conclusion of this criminal prosecution, and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney

by: _Samuel P. Rothschild_____    Date: ___June 8, 2026_____

    Michael S. DiBattista
    Special Assistant United States Attorney
    Samuel P. Rothschild
    Matthew Weinberg
    Assistant United States Attorneys


_____    Date: _____

    Brian Kidd, Esq.
    Taylor Fontan, Esq.
    Alison Moe, Esq.
    Counsel for Mohd Hafiz Lockman


_____    Date: _____

    Martin S. Cohen, Esq.
    Counsel for Mohd Yuzaimi Yusof


_____    Date: ___June 8, 2026_____

    Max Nicholas, Esq.
    Sarah Stein, Esq.
    Counsel for Khanh Thuong Nguyen

SO ORDERED:

Dated: New York, New York
      June _9_, 2026


_____
THE HONORABLE DALE E. HO
UNITED STATES DISTRICT JUDGE

6

2023.11.26